FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 20  PM 12: 33

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD  21201,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br>1 Frankel Way<br>Cockeysville, MD  21030<br><br><br>Defendant. | Civil Action No.<br><br>**JKB 14 CV 0862**<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Charging Party Laura Jones ("Jones") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Wal-Mart Stores East, LP unlawfully discriminated against Jones in violation of the ADA when, following an offer of employment, Defendant failed to reasonably accommodate Jones in its mandatory drug screening process, resulting in the withdrawal of Jones' offer of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Defendant, has continuously been a Delaware limited partnership with its principal office in Arkansas, doing business and operating within the State of Maryland. At all relevant times, Defendant has had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jones filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Wal-Mart Stores East, LP. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Jones was a qualified individual with a disability, as defined by the ADA, 42 U.S.C. § 12102(1)(A) and 42 U.S.C. § 12111(8).

    a. Jones was diagnosed with End Stage Renal Disease ("ESRD") in or around 1998. ESRD involves the failure of the normal operation of kidney function such that the individual requires dialysis and/or a kidney transplant. Jones began dialysis in or around 2001. Later in 2001, she received a kidney transplant and did not require dialysis until 2006, when her body rejected the transplanted kidney. From 2006 through the present, Jones has received hemodialysis, which takes approximately four hours per day, three times a week. Because of her ESRD, Jones is unable to produce urine.

    b. From 2006 through the present, Jones' ESRD substantially limits her in one or more of her major bodily functions, including but not limited to her urinary or renal system, and the bodily functions of the processing, regulating, and filtering of fluids, the removal of toxins, and the creation of hormones.

    c. Jones' ESRD, as described in Paragraph 8(a) and (b) above, constitutes an actual disability under the ADA.

    d. Jones applied to work for Defendant as an evening sales associate. Following a successful interview, Jones received an offer of employment conditioned on passing a urinalysis test. Jones was qualified for the sales associate position.

9. Since at least September 2012, Defendant has engaged in unlawful employment practices in its Cockeysville, Maryland store in violation of Sections 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A). These practices include the failure to provide Jones with a reasonable accommodation during Defendant's hiring process, and Defendant's failure to employ Jones because of her need for a reasonable accommodation and/or on the basis of her disability.

a. In or around August 2012, Jones submitted an on-line application for employment with Defendant as a retail associate in its Cockeysville store.

b. In or around September 2012, Jones completed an interview with Assistant Store Manager Yvonne Colburn in the Cockeysville store. At the conclusion of the interview, Colburn offered Jones the position contingent upon passing a urinalysis to screen for illegal drugs. Jones received a urinalysis form with instructions to get a urinalysis within 24 hours at Concentra.

c. Jones informed Colburn that she could not undergo a urinalysis because she has ESRD and does not produce urine. Colburn stated Jones could ask Concentra about alternative tests.

d. That same day, Jones went to the Concentra facility in Timonium. Jones inquired about alternative drug tests and was informed that Concentra offered other drug tests, such as a mouth swab/saliva test, but the employer must order the type of test.

e. While at Concentra, Jones called Colburn, offered to pay for an alternative test, and asked for Defendant's approval. Colburn informed Jones that Defendant only accepted urinalysis tests. Colburn further informed Jones that she called the corporate office, which confirmed that Defendant only accepted urine drug tests.

f. Upon leaving Concentra, Jones called Colburn again. Colburn informed Jones that Defendant could not hire her without passing a urinalysis test.

g.  Because Jones did not complete the urinalysis within the 24-hour window period, her application for employment was closed and Defendant failed to hire her.

h.  Jones subsequently contacted Defendant's corporate offices through a 1-800 number to complain about her denial of reasonable accommodation and hire. She was informed someone would return her call, but no one ever returned her call.

10. The effect of the practices complained of above in Paragraphs 8-9 has been to deprive Jones, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA based on her disability and/or the need to reasonably accommodate her disability, resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jones.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent such discrimination from occurring in the future;

C.  Order Defendant to make whole Jones by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.  Order Defendant to make whole Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8-9 above.

E.  Order Defendant to make whole Jones by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.  Order Defendant to pay Jones punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability in the workplace;

G.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee or applicant because of a disability, including that it will comply with all aspects of the ADA;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

*/s/ Lindsey A. White*
LINDSEY ANNE WHITE
Trial Attorney
Bar No. 29183
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)