Case 1:14-cv-00862-JKB   Document 23   Filed 10/21/14   Page 1 of 8

```
                          U.S. DISTRICT COURT
                          DISTRICT OF MARYLAND

       UNITED STATES DISTRICT COURT  2014 OCT 21  PM 4:00
         FOR THE DISTRICT OF MARYLAND
             BALTIMORE DIVISION        CLERK'S OFFICE
                                        AT BALTIMORE

                                    BY_____DEPUTY
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | Civil No. JKB-14-862 |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendant, Wal-Mart Stores East, LP ("Defendant" or "Walmart"), alleging violations of Sections 102(a) and 102(b)(5)(A) of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12112(a), (b)(5)(A). The Commission alleged that Defendant violated the ADA when it failed to reasonably accommodate Laura Jones in the hiring process when it did not provide her a non-urine form of drug screening, and, because of her disability, failed to hire Ms. Jones for a position for which she was qualified and had received an offer of employment. Defendant denies the allegations in the Complaint and Defendant does not admit any alleged violation of the ADA or any other law.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Decree, that will resolve the EEOC's claims and promote and effectuate the purposes of the ADA. This Decree does not constitute adjudication on the merits of the EEOC's claims.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanate from the Charge of Discrimination filed by Ms. Jones. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2. This Decree shall be in effect for a period of 30 months from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

## Relief to Laura Jones

3. Within 15 business days of entry of this Decree, and after Defendant's receipt of signed IRS Form W-4, applicable state tax form(s), and Associate Information Form from Ms. Jones, Defendant shall pay Ms. Jones the gross amount of $72,500, representing $36,250 for alleged wage-based damages and $36,250 for alleged non-wage-based damages. The checks will be sent directly to Ms. Jones, and a copy of the checks and any related correspondence will be emailed to the EEOC, c/o Lindsey White, lindsey.white@eeoc.gov. Defendant will issue Ms. Jones an IRS Form W-2 for the 2014 tax year for the alleged wage-based damages amount and an IRS Form 1099 for the 2014 tax year for the alleged non-wage-based damages amount. Defendant shall make all legally required withholdings from the alleged wage-based damages

amount, and shall not deduct its legally required employer contributions from the alleged wage-based damages amount.

### Injunctive Relief

4. Defendant, its officers, agents, employees, and all persons acting or claiming to act on its behalf and interest are enjoined from violating the ADA with respect to accommodations in hiring for the duration of the Decree. Such disability-based discrimination violates the ADA, including the following provisions:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment.

ADA, Title I, Section 102(a).

> Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . .

ADA, Title I, Section 102(b)(5)(A).

### Written ADA Policies & Procedures

5. Within 30 days from the entry of this Decree, Defendant agrees to make available alternate methods of pre-employment drug screening, such as collection of blood, as a reasonable accommodation for applicants to whom a conditional offer of employment is made at the Cockeysville Store whose physical condition prevents them from producing urine. Defendant shall instruct employees who are involved with the pre-employment drug screening process, existing store management, and human resources personnel at the Cockeysville Store[1] on how to

---

[1] For purposes of this Decree, "employees who are involved with the pre-employment drug screening process, store management, and human resources personnel" shall include the Personnel Coordinator, Training Coordinator, Store Manager, Assistant Store Managers, the Market Human Resource Manager, and the Regional Human Resource Director of the Market in which the Cockeysville Store is located.

guide applicants to whom a conditional offer of employment is made who request a reasonable accommodation in the pre-employment drug screening process. Defendant will provide certification to the Commission's counsel of record within 30 days of notifying the existing store management and human resources personnel at the Cockeysville Store.

6.   Within 30 days, Defendant shall revise its pre-employment drug testing form ("Drug Testing Form") at its Cockeysville Store to include a notice of the availability of reasonable accommodation in the pre-employment drug screening process that shall inform an applicant to whom a conditional offer of employment is made of the process for requesting accommodation for the pre-employment drug screening, which shall include information about seeking an accommodation. The revised Drug Testing Form shall be distributed to applicants to whom a conditional offer of employment is made at the Cockeysville Store upon notification of the requirement to undergo a pre-employment drug screening. Within 30 days, Defendant will provide certification to the Commission's counsel of record detailing the manner in which the Drug Testing Form is being provided to all applicants to whom a conditional offer of employment is made at the Cockeysville Store.

7.   Within 30 days from the date of entry of the Decree, Defendant will disseminate to all employees who are involved with the pre-employment drug screening process, existing store management and human resources personnel (as defined in footnote 1) a copy of the revised Drug Testing Form. Defendant shall attach a memorandum outlining Walmart's obligation to provide reasonable accommodation to applicants to whom a conditional offer of employment is made in the drug screening process, identification of possible accommodations (i.e., blood tests), an explanation of the Medical Review Officer, an explanation of the process for requesting accommodation in the pre-employment drug screening process, and an

explanation of Paragraphs 5-6, above. All store management and human resources personnel will be required to review and familiarize themselves with the memorandum. Within 30 days of the dissemination of the memorandum, Defendant will provide certification to the Commission's counsel of record that the same has occurred, detailing the date and method of dissemination and the individuals (by position) receiving dissemination.

### Training

8. Within 60 days from the date of entry of the Decree, Defendant will provide 90 minutes of training to the individuals identified in footnote 1 on the ADA and its requirements, the Store's role in fulfilling Defendant's obligations under the ADA as it relates to pre-employment drug screening, a review of Defendant's applicable policies, and dissemination of Defendant's applicable equal employment policies, including the policies and/or programs described in Paragraphs 5-7. Defendant shall provide EEOC with an outline of the training one week before the training is scheduled to occur.

9. Defendant shall ensure that any newly-hired personnel identified in footnote 1 shall receive the training described in the above paragraph within 30 days of their promotion or hiring into a covered position. Subsequent training may be pre-recorded.

10. Defendant will provide certification to the Commission's counsel of record that the training in Paragraphs 8 and 9 has occurred within 30 days of training. Certification may be made by counsel and shall include the manner of conducting the training and an attendance list.

### Notice and Postings

11. Within 15 business days of entry of this Decree, Defendant will continue to post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in the Store.

12. Within 15 business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its Cockeysville Store the Notice attached as Exhibit A. This Notice shall be posted and maintained for the duration of the Decree and shall also be signed by a management official with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. Within 30 days of completion of the required posting, Defendant shall provide to the EEOC a copy of the signed Notice, written confirmation that the Notice has been posted, and a description of the location and date of the posting.

### Monitoring Provisions

13. An EEOC attorney of record or other member of EEOC's Legal Department may monitor compliance during the duration of this Decree by reasonably requesting in writing certain of Defendant's pre-employment drug screening process records at the Cockeysville Stores. Upon 15 days' written notice by the EEOC, Defendant will make available for inspection and copying records reasonably requested by EEOC relating to Defendant's pre-employment drug screening process at the Cockeysville Store.

14. The Commission and Defendant shall bear their own costs and attorneys' fees.

15. In the event the Commission believes Defendant has failed to comply with any provision of this Decree, the Commission shall:

 a. Notify defendant in writing of the alleged non-compliance by email to Kevin M. Kraham, Littler Mendelson, P.C., 1150 17th Street NW, Suite 900, Washington, DC 20036, kkraham@littler.com; and

b.  Afford Defendant at least 15 business days after service of the written notice to remedy the alleged non-compliance.

16. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

James L. Lee
Deputy General Counsel

_____
Debra M. Lawrence
Regional Attorney

_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

_____
Lindsey A. White (Bar No. 29183)
Trial Attorney
U.S. EEOC
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 962-4270

FOR DEFENDANT:

*/s/ Kevin M. Kraham*
Kevin M. Kraham (Bar No. 26220)
Jennifer W. Thomas (Bar No. 18444)
LITTLER MENDELSON, P.C.
1150 17th Street NW
Suite 900
Washington, DC 20036
202.423.2404 Phone
866.207.8485 Fax
kkraham@littler.com
jwthomas@littler.com

*Counsel for Defendant Wal-Mart Stores East, LP*

**SO ORDERED.**

Signed and entered this 21 day of October, 2014.

*James K. Bredar*
James K. Bredar
United States District Judge



# NOTICE TO ASSOCIATES AND APPLICANTS AT STORE #2577

This Notice is posted pursuant to a consent decree entered into between Wal-Mart Stores East, LP ("Walmart") and the Equal Employment Opportunity Commission.

The Americans with Disabilities Act ("ADA") makes it unlawful for an employer to discriminate against any qualified individual with a disability because of the disability of such individual in regard to job application procedures and hiring, and not making reasonable accommodations. Under the ADA, the term "discriminate" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

Walmart supports and complies with the ADA.

Walmart is an equal opportunity employer.

An applicant who receives a conditional offer of employment who needs a reasonable accommodation for a pre-employment drug test in the form of a blood drug test due to his or her inability to produce urine may contact the Store's Personnel Coordinator, Training Coordinator, Assistant Store Manager or Store Manager.

Walmart has established policies and procedures to address concerns about alleged disability discrimination in employment, and retaliation will not be tolerated at Walmart. If you have a concern about alleged employment discrimination or retaliation, you should immediately raise your concern to management through the Open Door process or to the Global Ethics Office.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at 10 S. Howard Street, Third Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on www.eeoc.gov.


Name and Title


Date Posted: _____